KAREN L. LOEFFLER
UNITED STATES ATTORNEY

STEVEN SCORDINO
SPECIAL ASSISTANT U.S. ATTORNEY
Department of the Interior
Office of the Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
Phone (907)271-4131/FAX (907)271-4143
Steven.Scordino@sol.doi.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA     )
                             )
            Plaintiff,       )        CASE NO. 3:11-cr-00105-JDR
                             )
vs.                          )
                             )
MICHAEL CRAWFORD             )
                             )
            Defendant.       )

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now the United States, by and through counsel, and responds in opposition to

Defendant's Motion to Dismiss dated November 15, 2011.  Michael Crawford has been charged

with a Class B Misdemeanor for failure to abide by the terms of a National Wildlife Refuge

Trapping Permit ("Permit") in violation of 16 U.S.C. section 668dd and 50 C.F.R. section

26.22(b), which appears as Count II on the recently filed Information on which the Defendant has

not yet been arraigned.  The Defendant moved to dismiss on the theory that the language of one

clause of the Permit, Special Condition Specific to the Kenai National Wildlife Refuge number 7

("Special Condition 7"), is ambiguous.  The Government filed an Information setting out the

three bases for how the Defendant violated his permit after Defendant filed the Motion to

Dismiss.  While the Defendant's motion is dispositive on the whether the Government can rely on Special Condition 7 as one of its bases for finding the Defendant violated his permit, it is not dispositive on whether the court should dismiss Count II.

> A. The Rule of Lenity Should Not Apply to the Defendant's Interpretation of Special Condition 7

The Defendant appears to be arguing the rule of lenity should apply when the court interprets Special Condition 7 in Section II.A of his Motion to Dismiss.  The rule of lenity is a corollary to the vagueness doctrine, used to restrict criminal statutes to conduct clearly covered by those statutes. *United States. v. Wyatt*, 408 F.3d 1257, 1260 (9th Cir. 2005), *quoting United States v. Hockings*, 129 F.3d 1069 (9th Cir. 1997).  Under the rule of lenity, when a criminal statute is ambiguous, courts interpret the statute in favor of the defendant. *Wyatt*, 408 F.3d at 1262.  However, the U.S. Supreme Court has rejected the contention that the rule of lenity is invoked merely because a different reading of the statute is possible, stating:

> Because the meaning of language is inherently contextual, we have declined to deem a statute 'ambiguous' for purposes of lenity merely because it was possible to articulate a construction more narrow than that urged by the government . . . . Instead, we have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute.

*Moskal v. United States*, 498 U.S. 103, 108 (1990).

Special Condition 7 provides, "Cubby and flag sets are not allowed when the lynx season is closed."   The condition is an attempt to avoid the inadvertent catch of lynx, which is clear since the condition only applies when lynx season is closed.  Both cubby and flag sets on their own are used to trap lynx.  The Defendant's reading of Special Condition 7 would only apply to when cubby and flag sets are used together.  This would negate the motivating policy in

*U.S. v. Crawford,* Government's Opposition to Motion to Dismiss

2

protecting against the inadvertent take of lynx. Given the motivating policy made clear in the language of Special Condition 7, there should not be any doubt to the condition's intended scope.

Last, the Defendant misapplies the rule of lenity. The rule of lenity applies to the criminal statute. The undersigned could not find any case law where the rule of lenity was extended to the terms of a permit. The criminal statue here provides that, "A permit shall be required for any person entering a national wildlife refuge, unless otherwise provided under the provisions of subchapter C. The permittee will abide by all the terms and conditions set forth in the permit." 50 C.F.R. § 26.22(b). The statute requiring the permittee to abide by all the terms and conditions set forth in the permit could not be clearer. The statute defines the behavior prohibited as any behavior that falls outside of the terms and conditions of the permit. As a permittee, it was incumbent upon the Defendant to learn the terms and conditions of the Permit. If the Defendant had confusion on those terms, he should have asked during the trapping class that is required as part of his Permit. The only other trapper that violated that condition in the last year was the Defendant's partner. Every other trapper was able to understand his permit or to ask the Law Enforcement Officers of the Kenai National Wildlife Refuge if he was confused.

The Court should find that the Defendant's rule of lenity argument fails and deny the Motion to Dismiss. The statute is clear on the conduct prohibited. Likewise, if the Court applies the rule of lenity to Special Condition 7, it should find that the context of the condition makes the meaning of Special Condition 7 clear as the only way it would protect lynx is if it prohibited both cubby and flag sets while the lynx season is closed.

B.      The Void For Vagueness Doctrine Does Not Apply

The Defendant appears to make a void for vagueness argument in section II.B of his

*U.S. v. Crawford,* Government's Opposition to Motion to Dismiss

3

Motion to Dismiss. "The void-for-vagueness doctrine reflects the principle that a **statute** which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Roberts v. United States Jaycees*, 468 U.S. 609, 629 (1984) (emphasis added). A statute is found void for vagueness when it "(1) does not define the conduct it prohibits with sufficient definitiveness and (2) does not establish minimal guidelines to govern law enforcement." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822-23 (9th Cir. 2003) (citing *United States v. Ayala*, 35 F.3d 423, 425 (9th Cir. 1994). While this is the general rule, "Perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989).

> 1.    50 C.F.R. § 26.22(b) Defines the Conduct Prohibited and Establishes Minimal Guidelines to Govern Law Enforcement

When applying the Void for Vagueness Doctrine, the Court should focus on whether the applicable statute, 50 C.F.R. § 26.22(b), sufficiently provides guidance to the Defendant about the conduct that is prohibited and to law enforcement on when to enforce the law. The undersigned could not find any case law where void for vagueness doctrine was extended to the terms of a permit. In this case, the only law enacted by the Government that the Defendant was forced to follow was 50 C.F.R. § 26.22(b). Otherwise, he made a choice to obtain a permit and enter the Kenai National Wildlife Refuge under the conditions of his permit. If he did not understand the conditions of his permit, he should have sought clarification.

Here, the statute provides, "A permit shall be required for any person entering a national wildlife refuge, unless otherwise provided under the provisions of subchapter C. The permittee

*U.S. v. Crawford,* Government's Opposition to Motion to Dismiss

4

will abide by all the terms and conditions set forth in the permit." 50 C.F.R. § 26.22(b). The Defendant does not make any argument that these terms are ambiguous. In fact, it would take a tortuous reading of the statute to create any ambiguity. The Defendant should have known from the language that he violated the statute if he did not "abide by all the terms and conditions set forth" in his Permit. Likewise, the law enforcement is limited on when it could apply the statute to only such time as when a permittee fails to abide by all the terms and conditions set forth in the permit.

2. In the Event the Court Applies the Void for Vagueness Doctrine to the Permit Itself, Special Condition 7 Sufficiently Defines the Conduct Prohibited

The Defendant argues that the term "cubby set" is not defined and that Special Condition 7 is subject to arbitrary and capricious enforcement. It appears that the Defendant is arguing that Special Condition 7 is void for vagueness. As to the first standard, the Defendant has failed to show that the prohibited conduct of Special Condition 7 is not defined with sufficient definitiveness. The Defendant has the burden of showing that Special Condition 7 is impermissibly vague as applied to him. *Rojas-Garcia*, 339 F.3d at 822. Specifically, in this case, the Special Use Permits for trapping are only issued to trappers. While the word "cubby" is not defined in the regulations or the Permit, its meaning becomes clear within the context of the Permit. The Government will prove at the trial that the word "cubby" is a common word within the vernacular of trappers. The Defendant argues that there are many variations of cubby traps. (Mot. to Dismiss at 6.) This is true. As all competent fur-bearing trappers are aware, cubby traps are any trap where the trap is placed in a hole with only one entrance/exit. There are many different ways to design a trap that meets that definition and all of them violate the terms of

*U.S. v. Crawford,* Government's Opposition to Motion to Dismiss

5

Special Condition 7. The mere fact that a cubby set can be formed in many ways does not make the term ambiguous. There is nothing in the Permit to suggest that any form of cubby sets are allowed out of lynx season. Special Condition 7 defines the conduct, the use of a cubby and flag sets after the lynx season is closed, with sufficient definitiveness that the Defendant should have understood he cannot use a cubby set after the lynx season closed on February 15, 2011.

The Special Condition 7 also provides sufficient guidelines to law enforcement. The law enforcement officers of the Kenai National Wildlife Refuge have the same knowledge as the trapping community on the meaning of cubby sets. Special Condition 7 can only be enforced when the permittee uses a cubby set or a flag set at a time when the lynx season is closed.

3. The Court Should Not Apply the Void for Vagueness Doctrine Until After Hearing the Evidence at Trial

Outside the context of the First Amendment where facial challenges may be permitted, as a general rule the necessary and proper focus of a void-for-vagueness challenge is whether the statute is impermissibly vague <u>under the facts of the particular case</u>. *Rojas-Garcia*, 339 F.3d at 822 (emphasis added), <u>citing</u> *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). In such cases, including the one now before the Court, the Court need only examine the law and decide whether it is impermissibly vague as applied to Defendant's specific conduct. *Id*. To do this, a trial is necessary to determine the Defendant's specific conduct.

Thus, the Defendant's motion to dismiss on the grounds of void for vagueness should be denied. The statute is clear. Likewise, if the court applies the void for vagueness doctrine to the Permit, "cubby set" provides a definitive term for the type of trap that is prohibited after lynx season within the context of the trapping permit. Both the permittee and the law enforcement

*U.S. v. Crawford,* Government's Opposition to Motion to Dismiss

6

officers know the conduct that is prohibited.  Last, if the court has questions on whether the void

for vagueness should apply, it should wait until after the trial to determine the facts of this

particular case.

Respectfully submitted this 23rd day of November, 2011, in Anchorage, Alaska.


KAREN L. LOEFFLER
UNITED STATES ATTORNEY


s/ Steven Scordino
STEVEN SCORDINO
SPECIAL ASSISTANT U.S. ATTORNEY
Department of the Interior
Office of the Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
Phone (907)271-4131/FAX (907)271-4143
Steven.Scordino@sol.doi.gov


## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, a copy of foregoing GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was served electronically on Brent
Cole.


s/ Steven Scordino
STEVEN SCORDINO
SPECIAL ASSISTANT U.S. ATTORNEY
Department of the Interior
Office of the Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
Phone (907)271-4131/FAX (907)271-4143
Steven.Scordino@sol.doi.gov